1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY EWING,

11              Plaintiff,                No. CIV S-10-1450 DAD P

12       vs.

13   STEVEN C. JOHNSON, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.

18          The federal venue statute requires that a civil action, other than one based on

19   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

20   defendants reside in the same State, (2) a judicial district in which a substantial part of the events

21   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

22   of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

23   no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

24          In this case, the defendant(s) are located and plaintiff's claim arose in San Luis

25   Obispo County, which is located in the Central District of California.  Therefore, plaintiff's claim

26   should have been filed in the United States District Court for the Central District of California.

1  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the

2  correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir.

3  1974).

4          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

5  United States District Court for the Central District of California.

6  DATED: June 17, 2010.

7

8  _____

9  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

10

11

12  DAD:mp:sj
    ewin1450.21a

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2